**Patrick McCormick, Defendant in Error, v. National Live Stock Insurance Company, Plaintiff in Error.**

**Gen. No. 21,659.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed October 10, 1916.

### Statement of the Case.

Action by Patrick McCormick, plaintiff, against the National Live Stock Insurance Company, a corporation, defendant, to recover for the loss of a horse insured by the defendant. To review a judgment for plaintiff, defendant prosecutes a writ of error.

DOUGLAS C. GREGG, for plaintiff in error.

ROBERT P. BURKHALTER and MORTIMER M. NEWFIELD, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 667*—*when evidence sufficient to show death of horse by accident.* In an action on an insurance policy written by the defendant insuring the plaintiff's horse against death by bodily injuries "inflicted solely through external, violent and accidental means," *held* that a judgment for the plaintiff was justified by evidence showing that the horse, while being driven down an inclined brick pavement, slipped and fell and died of a ruptured heart occasioned thereby and not occasioned by fright as claimed by the defendant.

2. INSURANCE, § 439*—*when notice of death of animal timely.* A notice of the death of a horse insured under a policy requiring

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a notice in case of death to be given "forthwith" to the insurer by registered mail or telegraph, *held* given in time where sent by telegram the next morning after the death occurred and by registered mail in the evening of the same day, the telegram having been received before a registered letter would have been, had it been mailed at once after the accident.

# Robert Catherwood, Trustee, Appellee, v. Naomi M. Catherwood Hokanson, Appellant.

## Gen. No. 22,522.

1. INJUNCTION, § 29*—*when suit in foreign jurisdiction will not be restrained.* A court of equity will not restrain the prosecution of a suit in a foreign jurisdiction unless a clear equity is presented requiring the interposition of the court to prevent a manifest wrong and injustice.

2. INJUNCTION, § 29*—*when suit in foreign State will not be enjoined.* Where, from the facts set out in a petition for an injunction order restraining the defendants in a suit in this State from prosecuting a suit concerning the same subject-matter in a foreign State, it does not appear that the petitioner will be denied any relief or equitable rights he might otherwise obtain in this State, or that the parties sought to be restrained seek the denial of any such right or the evasion of the laws of this State, or what will work a fraud or oppression upon the petitioner, an injunction will be denied.

3. INJUNCTION, § 29*—*when suit in foreign State will not be enjoined.* Defendants in a suit in this State will not be enjoined from seeking relief by suit in a foreign State, which they are entitled to as matter of right, concerning the same subject-matter of litigation as is involved in the suit in this State and which cannot be obtained here by them, merely because of the added expense of litigating the same questions in issue in both suits.

4. JUDGMENT, § 495*—*when matters determined in suit by trustee of estate are res adjudicata.* Matters properly determined in a suit by the trustee of an estate created by a will, seeking a construction of the will, the court's directions concerning the trust and a settlement of the trustee's accounts, would be *res adjudicata* in a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.